No. 1557

First Circuit Appeal

---

A. E. NEAL v. GEORGE W. CUNNING-HAM

---

(February 18, 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Error and Mistake—Par. 15.**
One who has purchased property from another under a deed which misdescribed the land sold can have the error corrected where he proves that the land intended to be sold had a different description.

2. **Louisiana Digest—Sales—Par. 70.**
"Lesion beyond moiety" cannot be invoked as a defense to set aside a sale of a mere hope or pretense nor to prevent the correction of an error of description in a deed.
(Civil. Code, Art. 1860. *Editor's note.*)

Appeal from the Twenty-eighth Judicial District, Parish of Livingston, Hon. Columbus Reid, Judge.

This is a suit to correct an error of description of land sold. There was plea of "Lesion beyond Moiety" by defendant.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

R. M. McGehee, of Hammond, attorney for plaintiff, appellee.

Rownd & Hungate, of Hammond, attorneys for defendant, appellant.

ELLIOTT, J. The plaintiff, A. E. Neal, alleges that he purchased from defendant, George W. Cunningham, by act of sale in the form of a quit claim under private signature, a certain tract of land, which in the exception of the act was unintentionally erroneously described.

The act of sale and the tax title in favor of defendant, which covers the property alleged to have been the object of the sale, is annexed to and made part of the petition, to the end that the error of description in the act from defendant to plaintiff might appear; and plaintiff prays for judgment correcting the description in the act from defendant to himself so as to cover the object of the sale and comply with the intention of the parties.

The defendant in his answer admits signing the act in favor of the plaintiff and

the receipts of the price, $50, but alleges that it was not the intention of the parties to convey any real interest in any property; alleges that he informed the plaintiff at the time that he had no interest in the land described in the act which he signed; that plaintiff nevertheless insisted, etc.

He denies in his answer that it was his intention to sell and the plaintiff's to buy the land which defendant had acquired at the tax sale alleged by plaintiff, and denied that plaintiff was entitled to the correction prayed for.

He further alleged in his answer that the property he had bought at tax sale, and which the plaintiff claimed had been sold to plaintiff by defendant, was worth $100, and pleaded "lesion beyond moiety" against plaintiff's action, in the event it was held that this property which he had acquired at tax sale was held to be the property intended by the parties in the act of sale set up by the plaintiff, and that plaintiff was not entitled to the correction on that account.

The district judge, after hearing the evidence, decided in favor of the plaintiff as regards the correction prayed for, and rejected the defense of "lesion beyond moiety". Defendant appealed.

The case was submitted to this court without argument or brief by either party.

The examination of the record shows that under the evidence developed on the trial the judgment appealed from is correct.

The plaintiff and defendant, parties to the act of sale for which defendant received $50, had in mind and intended the property which defendant had acquired at a tax sale made of property belonging to the succession of Ben Wall.

Defendant testifies that he did not really intend to sell plaintiff anything except just such right as he might have, and the sale in question was made without warranty. That he did not claim any right to the property described in the title which he signed and for which he received $50; but the evidence shows that the act which he signed in favor of the plaintiff merely misdescribed the property which the parties had in mind and intended to buy and to sell.

As for "lesion beyond moiety" invoked by defendant, this defense cannot be urged to set aside a sale of mere hope or pretense nor prevent the correction prayed for.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed and appellant pay the cost of both courts.